## HOGAN v. FINLEY.

DESCENT: *Title by : New acquisition.*

Where under the statute found in English's Digest, chap. 97, art. 1, and the act of Dec. 12, 1850, amendatory thereof, land was donated by the State to a minor, it was a new acquisition by him within the meaning of the statute of descents (*Mansf. Dig., sec. 2522*), although his father paid the fees necessary to obtain the deed; and on his dying intestate and without issue, it descended first to his father and then to his mother for life. In such case no interest in the land can be devised by the father, and on his death the sister of the deceased cannot maintain ejectment for it without proving the death of the mother.

APPEAL from *Fulton* Circuit Court.

*S. H. Davidson*, Special Judge.

This was an action of ejectment brought by the appellee against the appellant, to recover a tract of land. The complaint alleged that the land in controversy was conveyed by the State of Arkansas to Thomas V. Taylor, by a donation deed, executed on the 12th day of February, 1857. That at that date the land was the property of the State, subject to donation, and that Stephen Taylor, the father of Thomas, desiring to procure the title to the land and give it to his son, paid the fees and expenses necessary to obtaining the donation. That Thomas died during his minority without issue, leaving Stephen, his father, his sole heir at law, and Stephen who died subsequently, devised the land to the plaintiff, Eliza Finley. The donation deed to Thomas V. and the will of his father, Stephen, devising the land to the plaintiff, were made exhibits to the complaint. The defendants claimed title to the lands under donation deeds executed in 1880 and 1881. The evidence showed that Thomas V. Taylor was a minor and without funds when the donation of the land was made to him, and that his father, Stephen, procured the deed and paid the necessary legal fees therefor; that Thomas V. was a minor and unmarried at the time of his death, and died intestate and without issue, leaving his father, brothers and one sister, the plaintiff, surviving him. The devise to the plaintiff was also

shown by a certified copy of Stephen Taylor's will.   The death of Thomas V. Taylor's mother was not shown.

The verdict and judgment were for the plaintiff and the defendant appealed.

The deed of the State to Thomas V. Taylor was made under the statute (*English's Digest, chap. 97, art. 1*), which provided for the donation to actual settlers of lands forfeited to the State for the non-payment of taxes, and the act of December 12, 1850, amending the original act.

*Robert Neill*, for appellant.

*Z. M. & L. D. Horton*, for appellee.

DESCENT:
Title by.

PER CURIAM.   The land in controversy was a new acquisition by Thomas V. Taylor, and upon his death it descended, first to his father and then to his mother, for life.   *Magness v. Arnold, 31 Ark., 103; Kelley's heirs v. McGuire, 15 Ark , 555.*

The plaintiff, therefore, took nothing by the will of the father of Thomas V.

The record shows that the plaintiff is a sister of Thomas V.; but the death of the mother is not shown.   The proof, therefore, discloses no right of possession in the plaintiff and having shown no title, she is not in position to raise any of the questions argued by counsel.   Reverse and remand.